

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

**Signed January 4, 2023**

_____
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IN RE:                                                           CASE NO: 22-31870-MVL-13
IRA LEE & RICHARD LEE BROWN
        DEBTORS

**Order Confirming Chapter 13 Plan, Valuing Collateral, Allowing Debtor's Attorney's Fees, Providing for a Trustee's Recommendation Concerning Claims, and Other Related Matters
(With Revisions to the Plan as Specified Herein)**

It having been determined after at least twenty-eight (28) days notice to all creditors, no hearing having been requested and no Objection to Confirmation or Valuation having been timely filed, or if filed, having been overruled or withdrawn:

That the Debtors' Chapter 13 Plan ("Plan") complies with Chapter 13 and all applicable provisions of Title 11, United States Code;

That any fee, charge or amount required under Chapter 13 of Title 28 of the United States Code or by the Plan, to be paid before Confirmation, has been paid.

That the Plan has been proposed in good faith and not by any means forbidden by law;

That the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each

Order Confirming Chapter 13 Plan, Page 2
Case # 22-31870-MVL-13
IRA LEE & RICHARD LEE BROWN

unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtors were liquidated under Chapter 7 of Title 11 of the United States Code on such date;

That the Plan provides that the holders of secured claims who have not accepted the Plan shall retain their liens until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under Section 1328; and if this case is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law; and the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of secured claims whose holders have not accepted the Plan is not less than the allowed amount of those claims; and as to the holders of secured claims who have not accepted the Plan, if property to be distributed pursuant to the Plan is in the form of periodic payments, such payments will be in equal monthly amounts; and if the holder of the claim is secured by personal property, the amount of such payments will not be less than an amount sufficient to provide the holder of such claim adequate protection during the period of the Plan; or the Debtors will surrender the property securing such claim to such holder;

That the action of the Debtors in filing the petition was in good faith;

That the Debtors have paid all amounts that are required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition, if the Debtors are required by a judicial or administrative order or by statute, to pay such Domestic Support Obligation;

That the Debtors have filed all applicable Federal, State, and Local Tax Returns as required by Section 1308 of Title 11 of the United States Code;

That no Objection to Confirmation has been filed by the Trustee or any unsecured creditor, or if so, that the Debtors will pay under the Plan, all the Debtors' projected disposable income for the applicable commitment period, to be applied to payments to unsecured creditors under the Plan;

That Confirmation of Debtors' Plan and the Valuation set forth therein have been recommended by the Standing Chapter 13 Trustee; and

That no further operating reports are necessary or required to be filed with the Standing Chapter 13 Trustee.

**IT IS THEREFORE ORDERED** that the Debtors' Chapter 13 Plan filed **10/06/2022** is confirmed.

**IT IS FURTHER ORDERED** that the Debtors shall pay a total plan base of **$42,000.00** over **60** months (not to exceed 60) by making monthly payments commencing on **11/05/2022** in accordance with the following payment schedule:

| Due Date | Amount Due | Number of Payments |
|---|---|---|
| 11/5/22 | $700.00 | end of plan |

**IT IS FURTHER ORDERED** that the Debtors' Plan (as amended by additional agreements for Confirmation, if any) complies with 11 U.S.C. 1325(a)(4) and 1325(b)(1)(B) in that it provides for total payments at least equal to a minimum base of **$0.00**.

**IT IS FURTHER ORDERED** that the allowed unsecured claims will be paid pro-rata from the non-exempt property of **$2,700.00**.

Order Confirming Chapter 13 Plan, Page 3
Case # 22-31870-MVL-13
IRA LEE & RICHARD LEE BROWN

**IT IS FURTHER ORDERED** that the Debtors' Attorney, **PRICE AND PRICE LAW PC**, is allowed a total fee not to exceed **$4,250.00** with **$4,177.00** to be Paid through the Plan by the Trustee, unless a greater amount is approved by separate Order of the Court after hearing on a fee application.

**IT IS FURTHER ORDERED** that for purposes of distribution under the Plan, Section 506 and Section 1325 (a),(5) of the Bankruptcy Code, the value of collateral securing any claim herein and treatment of the claim secured thereby is as set forth in Section I, Paragraphs E.(1)A., E.(1)B., and F of the Debtor's(s') Chapter 13 Plan and Motion for Valuation is confirmed, EXCEPT:

| Creditor Name | Collateral Description | Scheduled Amount | Collateral Value | Int Rate | Treatment |
|---|---|---|---|---|---|
| Ellis County<br>E(1) Taxes/Secured | Real Property | $1,350.31 | $149,010.00 | 12.00% | Pro Rata |

**IT IS FURTHER ORDERED** that if the Claim is not paid pursuant to the Term (Approximate) column shown in Section I, Paragraphs B, D, E.(1), E.(2), H, I or K of the Plan, the Trustee shall continue to pay the Claim until it is paid in full, as stated in Section II, Paragraph U of the Plan;

**IT IS FURTHER ORDERED** that the Trustee is authorized to receive, endorse, and apply to any delinquent payments under the Plan, any Income Tax Refund payable to Debtors during the pendency of this case, and apply any Income Tax Refund in excess of $2000 pro-rata to Debtors' allowed general unsecured creditors, per Paragraph 20 of Standing Order 2021-05, as it may be amended from time to time.

**IT IS FURTHER ORDERED** that Debtors shall provide a copy of their federal income tax return to the Trustee within ten (10) days of filing such during the term of the Plan.

**IT IS FURTHER ORDERED** that the Debtors shall not dispose of or encumber any non-exempt property prior to discharge without consent of the Trustee or order of the Court after notice to the Trustee and all creditors.

**IT IS FURTHER ORDERED** that the Standing Chapter 13 Trustee is hereby discharged from any liability from the Debtors' operation of business and from any further duty to investigate the business of the Debtors or to require any further operating reports from the Debtors.

**IT IS FURTHER ORDERED** that pursuant to Standing Order 2021-05, Paragraph 16, as soon as practicable after the governmental claims bar date, the Trustee shall prepare and serve on Debtors' counsel, all creditors who were scheduled, all creditors who filed claims and any party that has filed a Notice of Appearance, a Trustee's Recommendation Concerning Claims ("TRCC") and notice of hearing and pre-hearing conference thereon. The TRCC may be deemed in part to be an Objection to Claims. Objections to the TRCC shall be filed within thirty (30) days from the date of service of the TRCC. Unless an objection is timely filed as to the treatment of any claim, the claim will be allowed or approved only as described in the TRCC, and such treatment will be binding on all parties without further order of the Court. All unresolved objections to the TRCC shall be deemed waived if not timely filed or if the proponent of any such obligation fails to attend the Trustee's pre-hearing conference or give the Trustee prior written notice that a hearing is necessary.

### End of Order ###

Order Confirming Chapter 13 Plan, Page 4
Case # 22-31870-MVL-13
IRA LEE & RICHARD LEE BROWN

Approved by:

/s/  Tom Powers

/s/ Megan Price


Office of the Standing Chapter 13 Trustee
105 Decker Ct
Suite 1150 11th Floor
Irving, TX  75062
(214) 855-9200